# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANGELA BLOUNT**                                                                                **PLAINTIFF**

**VERSUS**                                                       **CIVIL ACTION NO. 2:04CV203-P-A**

**GEORGE WALKER HARDCASTLE and**
**D & F TRUCKIN', INC.**                                                           **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiffs' Motion to Remand [5]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs originally filed this case in the Circuit Court of Panola County, Mississippi. She seeks an unspecified amount of damages for past and future medical expenses, injuries to her body as a whole, lost wages and damages for emotional distress and anguish as a result of an alleged collision with a tractor-trailer owned by D&F Truckin', Inc. and operated by George Walker Hardcastle.

Defendants removed the case based on the diversity statute; plaintiff responded by filing a motion to remand for lack of subject matter jurisdiction. The plaintiff is a citizen of Mississippi; Hardcastle is a citizen of Iowa, and the corporate defendant is incorporated in Colorado and has its principal place of business in Iowa. Hence, the requirement of complete diversity has been met; the only matter in dispute is whether the amount in controversy exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C. § 1332.

A defendant who removes a case to federal court bears the burden of proving the jurisdictional prerequisites. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003). In a case where the plaintiff fails to allege a specific amount of damages, the defendant must show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. DeAguilar v. Boeing, 47 F.3d 1404, 1410-11 (5th Cir. 1995); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1342 n. 14 (5th Cir. 1995). A defendant may do so in one of two ways. First, a defendant can establish that it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds § 1332's jurisdictional minimum. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Second, the defendant can establish the facts in controversy through the removal petition or by accompanying affidavit. Id.

Because the requisite amount in controversy is not facially apparent from plaintiff's complaint, the defendants attempted to determine the amount of damages claimed by way of discovery. Plaintiff denied most of the defendant's request for admissions aimed at establishing a ceiling on the amount of recovery claimed by plaintiff. Inexplicably, however, the plaintiff answered one such request for admission in the affirmative:

> **Request No. 5:** Please admit that, if this matter goes to trial, and the jury should award damages, in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) exclusive of costs and interests [sic] that you would except [sic] that amount in excess of [ ] Seventy-five Thousand and No/100 Dollars ($75,000.00) exclusive of costs and interest.
>
> **Response:** Admitted.

Exhibit A to the Defendants' Notice of Removal.

Courts within this district have held that a plaintiff's refusal to admit or stipulate that she will not accept more than $75,000 in damages is sufficient proof that the jurisdictional amount exceeds $75,000. Fields v. Household Bank, 280 F.Supp.2d 530, 532 (N.D. Miss. 2003). See also McLain

v. Am. Int'l. Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D. Miss. 1998); Draper v. United States Fidelity & Guaranty Co., 2000 WL 268565, *3 (S.D. Miss. 2000). This is precisely the situation before the Court. In fact, not only did plaintiff maintain that position in the foregoing response to defendants' request for admission, she reiterated that position in her Motion to Remand.[1] Based on the foregoing facts and the persuasive authority cited by defendants, the Court concludes that the defendants have satisfactorily proven that the amount in controversy exceeds $75,000.00 and that the exercise of this Court's jurisdiction is appropriate.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [5] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Magistrate Judge pending a ruling on the instant motion is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 5th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] "Defendants base their contention that Plaintiff's claim exceeds $75,000.00 exclusive of interest and costs on Plaintiff's response to Requests for Admissions propounded to Plaintiff by Defendant when in fact Plaintiff clearly denies that her claim exceeds $75,000.00 in her responses. In fact, Plaintiff only admits that should a jury award be given in excess of $75,000.00, she would accept that amount." Plaintiff's Motion to Remand.